Decision and Journal Entry.
{¶ 1} Appellant, Donald Fusselman, appeals the decision of the Summit County Court of Common Pleas, which dismissed his complaint against appellees, Westfield Insurance Company ("Westfield") and Auto-Owners Insurance Company ("Auto-Owners"). This Court affirms.
 I. {¶ 2} The facts giving rise to this appeal are as follows. On August 7, 1999, appellant was a passenger in a vehicle operated by Joshua Zeffer. Mr. Zeffer negligently operated the vehicle and caused an accident in which appellant sustained injuries. Appellant filed an action against Mr. Zeffer and subsequently settled with Mr. Zeffer and executed a release of all claims against Mr. Zeffer.
 {¶ 3} Appellant then filed a motion for declaratory judgment on September 28, 2001. On March 21, 2002, appellant filed an amended complaint joining appellee Westfield. On June 17, 2002, appellant filed a second amended complaint joining appellee Auto-Owners. The claim against Westfield was for uninsured and underinsured motorist coverage ("UM/UIM") as the insurer for Gas Oil, Inc., appellant's employer at the time of the accident, on August 7, 1999. The claim against Auto-Owners was for UM/UIM coverage as the insurer for Joseph Monesky and Gas Oil Inc.
 {¶ 4} By agreement, the insurance coverage issues between appellant and appellees were to be submitted by stipulation of facts and briefs. The trial court found that while UM/UIM coverage was required under both the Westfield and Auto-Owners policies, appellant failed to comply with the notice and subrogation provisions of both policies and, therefore, was not entitled to coverage under either policy.
 {¶ 5} Appellant timely appealed, setting forth four assignments of error.
 FIRST ASSIGNMENT OF ERROR
"The Trial Court Improperly Determined That Appellant Was Not Entitled To Insurance Coverage Under Either Westfield Or The Auto-owner's Policies."
 {¶ 6} In his first assignment of error, appellant argues that the trial court erred in finding that he was not entitled to insurance coverage under either the Westfield or the Auto-Owners policies. This Court disagrees.
 {¶ 7} The Supreme Court of Ohio recently addressed this issue inFerrando v. Auto-Owners Mutual Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217:
"[A] court evaluating whether a prompt-notice or consent-to-settle (or other subrogation-related) provision in a UIM policy was breached, and if so, the effects of the breach must conduct a two step inquiry as described in further detail below. The first step is to determine whether a breach of the provision at issue actually occurred. The second step is, if a breach did occur, was the insurer prejudiced so that UIM coverage must be forfeited? See Clementi, 16 P.3d at 231 (two-step approach is appropriate in late-notice cases: preliminary determination is whether an insured's notice was untimely; second step is whether the insurer was prejudiced by the untimely notice).
"The two-step approach in late-notice cases requires that the court first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice `within a reasonable time in light of all the surrounding facts and circumstances.' Ruby, syllabus. If the insurer did receive notice within a reasonable time, the notice inquiry is at an end, the notice provision was not breached, and UIM coverage is not precluded. If the insurer did not receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut.
"In cases involving the alleged breach of a consent-to-settle or other subrogation-related clause, the first step is to determine whether the provision actually was breached. If it was not, the inquiry is at an end, and UIM coverage must be provided. Also, if the insurer failed to respond within a reasonable time to a request for consent to the settlement offer, or unjustifiably withheld consent, the release will not preclude recovery under the UIM policy, and the subrogation clause will be disregarded. McDonald, paragraphs two and three of the syllabus; Fulmer, paragraph one of the syllabus. If the consent-to-settle or other subrogation-related clause was breached, the second step is to determine whether the UIM insurer was prejudiced. If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut." Id. at ¶¶ 89-91.
A. Westfield Policy
 {¶ 8} Endorsement BP 00 09 01 97 of the policy issued by Westfield entitled "Businessowners Common Policy Conditions," contains the following relevant provisions:
"* * *
"K. Transfer of Rights of Recovery Against Others to Us
"1. Applicable to Businessowners Property Coverage:
"If any person or organization to or for whom we make payment under this policy has rights to recover damages from another, those rights are transferred to us to the extent of our payment. That person or organization must do everything necessary to secure our rights and must do nothing after loss to impair them. * * *
"2. If the insured has rights to recover all or part of any payment we have made under this policy, those rights are transferred to us. The insured must do nothing after loss to impair them. At our request, the insured will bring `suit' or transfer those rights to us and help us enforce them. * * *
"L. Transfer of Your Rights and duties Under This Policy
"Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual Named Insured. * * *
 {¶ 9} Endorsement BP 00 06 01 97 of the Westfield policy contains the following relevant portions:
"E. Liability and Medical Expenses General Conditions
"* * *
"2. Duties in the Event of Occurrence, Offense, Claim or Suit
"a. You must see to it that we are notified as soon as practicable of an `occurrence' or an offense which may result in a claim. * * *
"b. If a claim is made or `suit' is brought against any insured, you must:
"* * *
"(2) Notify us as soon as practicable.
"You must see to it that we receive written notice of the claim or `suit' as soon as practicable."
"c. You and any other involved insured must:
"(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or `suit;' * * *
"(3) Cooperate with us in the investigation, or settlement of the claim or defense against the `suit[.]' * * *
1. Notice Requirement
 {¶ 10} In the present case, appellant did not give Westfield notice of the August 7, 1999 automobile accident until March 28, 2002, or over two and a half years after the accident occurred. This Court declines to establish a rule that a delay of a particular length in time is unreasonable in all cases. However, in the present case, appellant made no effort to explain the delay in notifying Westfield of the underlying accident that gave rise to this appeal. Given the facts and circumstances of this case, this Court finds that appellant failed to notify Westfield within a reasonable time. Given appellant's failure to timely notify Westfield, a presumption arose that Westfield suffered prejudice. Ferrando at ¶ 90. The burden then fell upon appellant to rebut the presumption that Westfield had been prejudiced by his untimely notice. Id. Appellant presented no evidence to rebut this presumption. In his appellate brief, appellant argues that Westfield suffered no prejudice because, due to the incarceration of the tortfeasor in the underlying action, Westfield is unable to pursue him. However, appellant did not present this argument before the trial court. "Issues not raised and tried in the trial court cannot be raised for the first time on appeal." Holman v. Grandview Hosp. Med. Ctr. (1987),37 Ohio App.3d 151, 157, citing Republic Steel Corp. v. Bd. Of Revisionof Cuyahoga Cty. (1963), 175 Ohio St. 179. Accordingly, this Court will not address appellant's argument concerning Westfield's ability to pursue the tortfeasor in the underlying action. Given the above, this Court finds that Westfield was relieved from its obligation to provide UM/UIM coverage to appellant.
2. Subrogation Clause
 {¶ 11} Westfield also argues that appellant breached the subrogation provision of its policy and therefore, appellant was not entitled to UM/UIM coverage. This Court's disposition of Westfield's argument that appellant breached the notice provision of its policy is dispositive of this appeal with regard to Westfield. Therefore, this Court does not reach the merits of this argument.
B. Auto-Owners Policy
 {¶ 12} As discussed below, this Court reaches the same conclusion as to the Auto-Owners policy. The Auto-Owners Policy contained the following pertinent provisions:
"SECTION V — WHAT YOU MUST DO AFTER AN ACCIDENT OR LOSS
"1. NOTIFY US PROMPTLY
"a. You and any person seeking coverage under this policy must notifyus promptly as to how, when and where the accident happened. We must have the names and addresses of any injured person and of any witnesses. * * *
"c. Under Uninsured Motorist Coverage and/or Underinsured Motorist Coverage, any person making claim must:
"(1) give us written notice and documentation of loss;
"(2) submit to examinations by physicians we select as often aswe require; and
"(3) authorize us to obtain medical reports and other pertinent records.
"We must be given copies of the legal papers if suit is brought against any person believed to be legally responsible.
"2. ASSIST AND COOPERATE
"a. You and any person seeking coverage under this policy must cooperate with us in the investigation, settlement or defense of any claim or suit. This includes submitting to a statement under oath and giving us access to any documents which we request.
"* * *
"3. PRESERVE OUR RIGHT TO RECOVER PAYMENTS
"a. If we make a payment under this policy and the person to or for whom payment is made has a right to recover damages from another, we will be entitled to that right. That person shall do everything necessary to transfer that right to us and shall do nothing to prejudice it.
"b. The person to or for whom payment is made under Uninsured Motorist Coverage and/or Underinsured Motorist Coverage must hold in trust for us
his rights of recovery against any legally liable person. He must do all that is proper to secure such rights and do nothing to prejudice them. * * *" (Emphasis sic.)
1. Notice Requirement
 {¶ 13} Auto-Owners argues that appellant failed to comply with the notice provisions of its policy. Again, appellant did not give Auto-Owners notice of the August 7, 1999 automobile accident until over two and a half years after the accident occurred. As stated above, this Court declines to establish a rule that a delay of a particular length in time is unreasonable in all cases. However, appellant offered no explanation for the delay in notifying Auto-Owners of the underlying accident. Given the facts and circumstances of this case, this Court finds that appellant failed to notify Auto-Owners within a reasonable time. Given appellant's failure to timely notify Auto-Owners, a presumption arose that Auto-Owners suffered prejudice. Ferrando at ¶ 90. As with the Westfield policy, appellant presented no evidence to rebut this presumption. In his appellate brief, appellant argues for the first time that Auto-Owners suffered no prejudice. Specifically, appellant argues that Auto-Owners did not suffer prejudice because it is unable to pursue the tortfeasor in the underlying action because he is incarcerated. However, appellant did not present this argument before the trial court. "Issues not raised and tried in the trial court cannot be raised for the first time on appeal." Holman, 37 Ohio App.3d at 157. Therefore, this Court will not address appellant's argument concerning Auto-Owners' ability to pursue the tortfeasor in the underlying action. For the reasons stated above, this Court finds that Auto-Owners was not required to provide UM/UIM coverage to appellant.
2. Subrogation Clause
 {¶ 14} Auto-Owners also argues that appellant did not comply with the provisions of its policy which required an insured to obtain its consent before settling a claim in order to protect Auto-Owners' subrogation rights.
 {¶ 15} As with the Westfield policy, this Court's disposition of Auto-Owners' argument that it was not promptly notified of the accident in which appellant was injured is dispositive of this appeal with regard to Auto-Owners. Therefore, this Court need not address the merits of this argument.
1. Appellant Not an Insured
 {¶ 1} This Court notes that Auto-Owners presents a third argument in support of its position that appellant was not entitled to UM/UIM coverage under its policy. Auto-Owners argues that appellant was not an insured under its policy. However, given that our analysis regarding the prompt notice requirement contained in the Auto-Owners policy is dispositive of the appeal with regard to Auto-Owners, this Court need not address this argument.
 {¶ 2} Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"The Trial Court Failed To Properly Apply The Standards Of Summary Judgment In Rendering Its Decision."
 {¶ 3} In his second assignment of error, appellant argues that the trial court failed to properly apply the standards of summary judgment in rendering its decision. This Court disagrees.
 {¶ 4} The parties in this case agreed to submit the insurance coverage issues between appellant and appellees by stipulation of facts and briefs. Neither side moved for summary judgment. Therefore, the trial court was correct in not analyzing the matter under summary judgment standards.
 {¶ 5} Appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"As A Genuine Issue Of Material Fact Existed As To The Issue Of Notice And Prejudice To The Appellees, Summary Judgment, Although Improperly Applied, According To [Ferrando V. Auto-owners Mutual Insurance Co.] (2002), 98 OHIO St.3d 186, Was Precluded From The Court's Consideration."
 {¶ 6} Appellant argues in his third assignment of error that a genuine issue of material fact existed as to the issue of notice and prejudice to the appellees and, therefore, the trial court was precluded from considering these issues. This Court disagrees.
 {¶ 7} Appellant bases his argument on the Supreme Court of Ohio's decision in Ferrando. Appellant argues that whether or not an insurance provider was actually prejudiced is a genuine issue of material fact which cannot be decided on a summary judgment motion. As stated above, however, this case was not decided on summary judgment. Nonetheless, appellant's explanation of the Ferrando court's decision is incorrect. With regard to notice, the Ferrando court merely restated what the law had always been in Ohio. Once it has been determined that the insurer did not receive notice within a reasonable time, there is a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut. Whether or not the insurer has suffered prejudice is not a question of fact if an insured has not provided timely notice to the insurer. An insured must present evidence to rebut the presumption of prejudice in order to be entitled to UM/UIM coverage. As discussed previously, appellant once more makes the argument that appellees suffered no prejudice because they could not pursue the tortfeasor in the underlying action due to his incarceration. Again, appellant brings this argument for the first time on appeal. This Court will not address this argument. See Holman.
 {¶ 8} Appellant's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR
"The Court Abused Its Discretion And Prejudiced Appellant's Case By Permitting The Appelees To Submit Both Original Briefs And Reply Briefs."
 {¶ 9} In his fourth assignment of error, appellant argues that the trial court erred in not giving him the opportunity to file a reply brief. This Court disagrees.
 {¶ 10} Auto-Owners filed its trial brief on October 9, 2002. Westfield filed its trial brief on November 1, 2002. Appellant filed his trial briefs on December 2, 2002. Appellees Westfield and Auto-Owners each filed a reply to appellant's trial brief on December 19, 2002. On December 23, 2002, the trial court took the matter under advisement. This Court finds appellant's argument to be without merit.
 {¶ 11} Appellant had access to both Westfield's and Auto-Owners' trial briefs when preparing his trial brief. It is evident from reading appellant's trial brief that he had reviewed the trial briefs of both Westfield and Auto-Owners. Furthermore, appellant had from December 19, 2002, until December 23, 2002, to move to strike the reply briefs of Westfield and Auto-Owners but failed to do so. An appellate court will not consider as error any issue that a party was aware of but failed to bring to the attention of the trial court. State v. Dent, 9th Dist. No. 20907, 2002-Ohio-4522, ¶ 6.
 {¶ 12} Appellant's fourth assignment of error is overruled.
 III. {¶ 13} Having overruled appellant's four assignments of error, the decision of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
SLABY, P.J., BAIRD, J. CONCUR